UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 18-CR-154

VAN L. MAYES,

        Defendant.

## MOTION FOR PROTECTIVE ORDER
## REGULATING THE DISSEMINATION OF DISCOVERY MATERIALS

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Christopher J. Ladwig, Assistant United States Attorneys for said district, hereby moves this Court under Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order regulating the dissemination of discovery material in the above-captioned case. The United States requests that this Court order the following protections regarding the dissemination of discovery material:

(1)    Discovery materials will be made available to the defense attorney beginning on July 23, 2018. The defense attorney will be provided with a single copy of these materials. As additional materials become available, and/or it becomes appropriate for the identity of certain persons to be disclosed, each attorney will be notified by the United States Attorney's Office, and one copy of the additional materials will be made available to the defense attorney.

(2)    The defense attorney may make copies of the discovery materials as necessary to prepare the defense of the case. All materials, including necessary copies, shall remain under the

control of the defense attorney. These discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government. All materials produced or copied under the proposed order must be returned to the United States Attorney at the conclusion of the case, which may include time for appeal and resolution of a timely 28 U.S.C. § 2255 petition. Unless otherwise ordered above, the discovery materials shall not be relinquished or disseminated, physically or electronically, to any third party, including clients, investigators, or any other individual.

(3) The government shall make arrangements with any and all institutions where the defendants are held in federal custody, so that a set of discovery materials can be maintained at each institution for inspection by the defendant. The defendant shall be prohibited from copying the materials or otherwise obtaining or maintaining copies of any such materials and shall be prohibited from transporting any of these materials to his cellblock.

(4) The basis for this motion is to protect the identity and safety of cooperating witnesses and the integrity of an ongoing investigation into riots, arsons, and attempted arson. In this case there are multiple cooperating witnesses who have provided information regarding an investigation into riots, arsons, and attempted arson involving the defendant and other co-actors. These cooperating witnesses are known or may be known to the defendant and dissemination of discovery could put these cooperating witnesses in danger of intimidation or threat. One government witness has already been verbally and physically assaulted for cooperating with law

2

Case 2:18-cr-00154-LA-DEJ    Filed 07/11/18    Page 2 of 3    Document 16

enforcement. Furthermore, there is an ongoing investigation into riots, arsons, and attempted arson. The defendant is implicated in these offenses and his discovery includes information regarding the ongoing investigations and suspects. Dissemination of the discovery could reveal sources of information, victims, suspects, and other evidence they may damage the integrity of the investigation.

(5) In an effort to disclose all of the relevant evidence, the government has included all of the evidence specific to the defendant. It is the government's position that justice and transparency, court efficiency, and the defendant's interests are best served by the government "opening the file" as broadly as possible.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2018.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By: */s/ Christopher Ladwig*
CHRISTOPHER J. LADWIG
Assistant United States Attorney
Wisconsin Bar No. 1052024
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI   53202
Tel: 414-297-4103; Fax: 414-297-1738
Christopher.Ladwig@usdoj.gov