# United States District Court
## EASTERN DISTRICT OF WISCONSIN

## COURT MINUTES

| | |
|---|---|
| HON. **David E. Jones,** presiding. | Deputy Clerk: Tony Byal |
| DATE: **November 6, 2018 at 10:30 AM** | Court Reporter: Liberty |
| CASE NO. **18-CR-154** | Time Called: 10:30:57 |
| UNITED STATES v. **VAN L. MAYES** | Time Concluded: 11:03:23 |

PROCEEDING: **STATUS CONFERENCE (COUNSEL ONLY)**

UNITED STATES by: **Christopher Ladwig**

DEFENDANT: **Van L. Mayes,** not present, and by

ATTORNEY: **Robert G. LeBell**

---

Government:
- Has met discovery obligation at this point. Has been working with defense to change discovery. Is putting discovery through a system that allows the type of access defense is asking for. This will provide a search option. All discovery has to be reformatted which will take time. Has one IT person working on this. Discovery should be ready by mid-December.
- Has discussed an issue regarding videos. Has to download each video and then put into program to reformat. Does not have a clear answer on how to assist with this yet. In progress of finding a quicker way to do this.
- As any redaction issues arise, will evaluate and unredact if appropriate. Will ask for an in-camera review by the Court if parties can't agree. Expects most of these issues to be resolved outside of court. Concerned about safety of victims and witnesses.
- There is a protective order in place. Defense has asked for alternative location to view discovery with defendant outside law firm. Expresses concern about defendant being able to make copies and take pictures of discovery. Has discussed using a room in this building set up by FDS. This has not been addressed yet.

Defense:
- Has been in contact with one of the national discovery coordinators through FDS. She is located in California. She gave good insight on how to coordinate with attorneys and IT personnel to work through discovery issues. She has suggested to re-load everything onto CDs and into a program that has a search engine.
- Would be helpful to designate sets of discovery to have better understanding and organization before reformatting. Would like to coordinate and figure out a way to compartmentalize different areas of discovery to make more accessible.
- Recommends reformatting discovery into a redacted version and an unredacted version. Could provide redacted version to defendant. Defense would have attorney eyes only version.
- Is in the process of figuring out a more streamlined way of transferring videos. Has to upload one video at a time in order to be transferred to another external hard drive.

- Defendant needs to have meaningful access to discovery. Thinks it is cumbersome and improper to have defendant come to federal courthouse on a daily basis to review discovery. Defendant lives in Milwaukee.

Court:
- Directs parties to work with IT to discuss discovery issues. There needs to be aggressive and open ended meet and confer processes.
- Will not order a blanket removal of redactions. Local rules indicate the government has prerogative to redact information. Defense may object and have the court resolve any issues. This would be done on a case by case basis.
- Defense to bring specific redaction issues to government. If this can't be worked out, then defense can bring a motion to the Court.
- Will not order an attorney eyes only version of discovery yet. Defense cannot relay information in attorney eyes only discovery to defendant.
- Defendant is not incarcerated. What is the risk of giving redacted materials to defendant?

Government:
- There are many things that would not be redacted in discovery. Discovery encompasses multiple people involved in the riot. There are so many innocent people identified in discovery including people who are suspects for unrelated issues. Concerned about giving this information to defendant. Even though names and information are redacted, it would not be hard to identify individuals. Has seen discovery end up on Facebook and Twitter in the past. Concerned about intimidation and safety.
- Believes best place for defendant to view discovery is with his attorney in their law firm.

Court:
- Defendant does not live far away from courthouse. Could have easy access here.
- Is sensitive to government's concerns about witness intimidation and integrity of prosecution.
- Directs parties to meet and confer extensively regarding discovery issues.
- Will keep in place restrictions and protective order.
- Defense to follow up with FDS to see what kind of space is available in building for defendant to come and review discovery with defense. Anticipates there would be some sort of log that shows when defendant comes to building to review discovery.
- **Sets status conference (counsel only) for 12/18/2018 at 10:30 AM. Parties may appear by telephone.** Parties will discuss progress of discovery reformatting and any further issues.
- Makes Speedy Trial Finding. The time from today's date. 11/06/2018, until 12/18/2018 is excluded from the Speedy Trial Act.