UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.     **Case No. 18 CR 154**

**VAN L. MAYES**,

    Defendant.

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISCLOSE IDENTITY OF WITNESSES**

From the outset, it has been the defendant's position that the claims by the government to justify the refusal to disclose the identity of informants at this stage of the litigation are unsubstantiated. Of equal importance to the instant motion is that the defendant has made a compelling showing justifying the immediate release of the identities and collateral information for such individuals.

The allegations giving rise to the instant indictment, in large measure, relate to events which occurred in 2016. The defendant was not indicted until July 2018. In it's response, the prosecution summarizes some of the statements of the CIs, with respect to the defendant's purported criminal conduct in 2016 (see pages 4-10). The recitation of the claims by the CIs in these pages describe the defendant's involvement in the purported conspiracy. It is noteworthy that none of these individuals (SOI-1-13) describe conduct by the defendant which suggest that the defendant engaged in an act of intimidation, threat, or a potential act of violence toward those witnesses.

The government instead justifies its refusal to immediately disclose the identities because of "significant safety concerns." It then goes on, without any particularized description, dates, or names, to assert that:

> Mayes has made multiple attempts to intimidate and interfere with witnesses: (1) Mayes and others attempted to interfere with the investigation by lying to law enforcement; (2) Mayes said he compiled a list of people who received federal subpoenas to testify and intended to expose those witnesses; (3) Mayes said that once he confirmed the name of one particular witness in his discovery, he wanted "something done" about that witness; (4) Mayes' associate said that s/he was gathering all the witnesses who could be identified in the criminal complaint to develop a story to protect them all from prosecution; (5) one witness was physically assaulted by an unknown assailant because of his/her cooperation; and (6) Mayes has posted intimidating video messages, referring to citizen witnesses as "snitches" and threatening to find out who made statements to law enforcement. Due to safety concerns, the United States Attorney's Office has provided protective resources to some witnesses. (Response brief page 2 and 3).

These remarks are conclusionary only, and are made without supporting documentation or reference to date or time. It is very easy to assert that the defendant is interfering with the investigation or has threatened to expose witnesses, without

substantiation. Here there is not a shred of corroboration, substantiation or documentation offered to support the bold claims by the government. The Government has not even offered to provide supporting evidence for the courts review through an in camera inspection.

The government at page 3 has included photographs in which the defendant is purportedly dressed in a tactical vest with a pellet gun. It also has included a photograph from a 2016 video wherein the defendant allegedly referred to a civilian witness as a snitch. Lastly, the government includes with its submission, the description of an incident from a June 23,2020 Facebook live video. The 2016 social media video is 4 years or more in age. There is nothing in that posting that refers directly or indirectly, to any witness in this case. The United States of America still has, as part of it's constitution, the First Amendment, which guarantees freedom of speech. The statements, if they were in fact made, are protected by that fundamental principle of democracy. It is hard to understand how using the term snitch intimidates, threatens or necessitates concealing the identity of a witness in this case.

The clothing that Mr. Mayes wore and his possession of a pellet gun are neither prohibited nor in violation of any other societal rule. What has gone unsaid is the purpose for which Mr. Mayes sometimes appears with such items. Van Mayes provides a service to the community wherein he assists to prevent or remove fellow citizens from harmful situations. Mr. Mayes lives and works within the inner city. It is a commonly accepted belief that the response by the Milwaukee Police Department and other law

enforcement officers to crimes within the inner city is slow on most occasions, and not at all, on others. Most of the community believes that it cannot rely on the response of MPD for occurrences in which they are being victimized. Mr. Mayes is among many others who help their fellow citizens to resolve emergency problems when MPD is either unwilling or otherwise non responsive.

The incident referred to on page 3 of the government's brief was just such an occasion. It was believed that evidence of a child abduction was present at the residence. Social media was "abuzz" about this incident. Many, people responded to the location to find the children. Mr. Mayes was only one of his fellow citizens who arrived at the house. He was not involved in anyway in any extra legal activities. His conduct in no way precipitated what occurred at the residence.

Mr. Mayes was arrested days later without a warrant and without probable cause by MPD officers. They claimed to be investigating the events which occurred at the residence. However it appears that the sole purpose of his apprehension was to intimidate him and dissuade to him from his activist work. There was no evidence to support such an arrest nor was there evidence to support any charges. The Milwaukee District Attorney has (no processed) the case. Mr. Mayes was targeted by the MPD because he has exercised his freedom of speech and because he has attempted to help his community when the MPD has failed to do so. In short, the references to the events at the residence have nothing to do with the unsubstantiated claims of intimidation. Similarly they have nothing to do with the timing and need for disclosure of the

informants identity.

The government also argues at page 11 that there is no legal basis to deviate from a claimed schedule for disclosure of witnesses. The defendants opening memorandum sets forth the justification for immediate release of the identify and collateral information related to the CI's. The majority of the governments response is the standard recitation of the case law regarding disclosure of identities and the district's open file policy.

What it fails to address is the essence of the defendant's argument which is: that in the absence of such identifying information the defendant cannot conduct the investigatory work which is essential to prepare a defense. Furthermore, the government fails to address the alternative proposal presented by the defense that the CIs identities and collateral information be disclosed on an "eyes only" basis. Here the defendant has demonstrated a genuine need for immediate disclosure which outweighs the public interest in keeping the CIs identity secret. The prosecution's case is largely, dependent on the testimony of the unnamed CIs. The governments case will rise or fall on the credibility of the CIs. Additionally, as was stated in the first filing, many of the CIs have given exculpatory statements which will assist in refuting the governments claims and in demonstrating the defendant's innocence.

**CONCLUSION**

The government has failed to demonstrate the need to protect the identity of the informant. The defense has established an overwhelming, compelling reason for immediate disclosure of the information. The CIs have provided both inculpatory and exculpatory information. There has been no demonstration other than pure conclusionary statements and conjecture that the defendant has engaged in conduct which jeopardizes the safety of any witnesses. There has been no demonstration that any act by the defendant constitutes a threat to a witness and no indication that he would use the information which is now requested, for that purpose. There is a reasonable alternative to further ensure that any witness's safety is not imperiled, to wit: providing the identity and collaborating information on an "eyes only".

Dated at Milwaukee, Wisconsin, this 10th day of August, 2020.

Respectfully submitted,

/s/  *Robert G. LeBell*

Robert G. LeBell, SBN: 01015710
Attorney for Defendant
1223 N. Prospect Avenue
Milwaukee, WI 53202
(414) 276-1233
Fax: (414) 239-8565
dorbell@ldm-law.com