UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.  **Case No. 18 CR 154**

**VAN L. MAYES,**

    Defendant.

## MOTION TO DISMISS FOR INSUFFICIENCY

### PROCEDURAL HISTORY

**COMES NOW** the above-named defendant, through his attorney, Robert G. LeBell, to move the court for an order dismissing all counts in the indictment pursuant to F.R.C.P. 12 and F.R.C.P. 7(c)(1).

**AS GROUNDS THEREFORE** the defendant states the following. On February 4th, 2024, the defendant filed a motion to unseal, inspect, and copy grand jury materials (Doc 213). Subsequently, during a hearing on February 8th, 2024, the court entered an order permitting the defendant to file a motion to dismiss the indictment in its entirety by amending the initial pleading. The instant motion constitutes the amendment/supplement to the previously filed motion. It should be noted that the substance of the first motion

1

is incorporated by reference. The relief sought in this motion is in addition to that requested in the previously filed document 213.

The remaining charges in the indictment, after the court dismissed counts one, two, and three, all emanate from the same set of circumstances, to wit: the purported conspiracy and related acts to construct Molotov cocktails for the assault of the 7th Precinct Police Station in Milwaukee. As was previously argued, the offense alleged in count five was reliant upon and incorporated by reference the allegations in counts one, two, and four.

At this juncture, the defendant has no notice of what evidence was presented to the grand jury which resulted in the issuance of a "true bill" with respect to the dismissed counts. Furthermore, it is unknown how the evidence of the dismissed counts impacted on the jury's decision to indict on the remaining counts. The same concerns raised in the defendant's previous motion apply to all the other remaining counts in addition to count five, to wit: "Were there overt conspiratorial acts committed by unindicted co-conspirators for count two which gave rise to count five? Was the evidence in support of counts one and two essential to the jury's decision to indict on count five? Was the evidence submitted in support count four standing alone sufficient to support the

indictment in count five?"

Those unanswered issues raise a significant question of whether the Grand Jury was given sufficient evidence to indict on the counts which survive in this case. This conundrum creates a notice problem which prevents the defendant from being apprised of the specific conduct at issue. *See*, *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003). The minimum requirement for an indictment requires the Fifth amendment protection against double jeopardy and the Sixth amendment guarantee that a defendant is informed of the nature of the charges against him. *See Fassnacht* 332 F.3d at 444. *See also*, *United States v. Hinkle*, 637 F.2d 1154, 1157 (7th Cir. 1981).

The United States Supreme Court explained what must be stated in an indictment to make it sufficient:

> "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."

*Hamling v. United States*, 418 U.S. 87, 117, 118 (1974) The *Fassnacht* court determined that for an indictment to be legally

3

sufficient, it must accomplish three functions: It must state each element of the crime charged; It must provide adequate notice of the nature of the charges so that the accused may prepare a defense; and It must allow the defendant to raise the judgement as a bar to future prosecutions for the same offense. *Fassnacht* 332 F.3d at 444, 445. The *Fassnacht* court described the notice requirement as follows:

> While it is true that an indictment must do more than recite the statutory elements, this does not mean that the government is required to provide 'every factual nugget necessary for conviction.' *Smith*, 230 F.3d at 306. Rather, the indictment need only 'provide some means of pinning down the specific conduct at issue.' *Id.* at 305 (citation omitted). We again caution against reviewing the sufficiency of an indictment in a 'hypertechnical manner,' *id.* at 305 (quotation omitted); in determining whether an indictment provides sufficient information to enable the preparation of a defense, 'the presence or absence of any particular fact need not be dispositive of the issue.' *Id.*

*Fassnacht* 332 F.3d at 445.

The verbiage of the remaining charges in the indictment is reliant upon evidence presented to the Grand Jury. Clearly, some, if not all of that evidence, constituted the basis for the issuance of counts one, two, and three. Since those counts have now been dismissed, did the Grand Jury then effectively rely upon irrelevant evidence to support the remaining counts? Absent such evidence, was there sufficient basis for the remaining counts? Do the

4

remaining counts in the indictment accurately state the facts in support of such charges? Does the indictment provide a correct recitation as to the nature of the charges? Does the indictment provide the defendant with some means of pinning down the specific conduct at issue? *Id.*

The defendant maintains that the indictment fails to provide the defendant with enough factual particulars to "sufficiently apprise the defendant of what he must be prepared to meet." *Fassnacht* 332 F.3d at 445 (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962). *See also*, *Hinkle* 637 F.2d at 1158. The *Fassnacht* criteria has not been met.

While the optimum manner to address this issue would be to review the Grand Jury minutes prior to the filing of this motion, the defense has lodged a separate pleading seeking dismissal in advance of the court's ruling based on the circumstances as they now exist.

## CONCLUSION

For all these reasons the defendant respectfully requests that the court enter an order dismissing the indictment in its entirety.

Dated at Milwaukee, Wisconsin, this 23rd day of February 2024.

Respectfully submitted,

5

/s/ *Robert G. LeBell*
_____
Robert G. LeBell, SBN: 01015710
Attorney for Defendant
788 N. Jefferson St, Suite 740
Milwaukee, WI 53202
(414) 276-1233
dorbell@ldm-law.com

6