UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

          Plaintiff,

     v.                                    Case No. 18-CR-154 (PP)

VAN L. MAYES,

          Defendant.
_____

**UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTIONS TO UNSEAL GRAND JURY MATERIALS AND TO DISMISS THE SUPERSEDING INDICTMENT FOR INSUFFICIENCY**
_____

The United States of America, by and through its attorneys, Gregory J. Haanstad, United States Attorney, and Christopher Ladwig and Benjamin Taibleson, Assistant United States Attorneys, move the court to deny the defendant's motions to Unseal Grand Jury Materials (Dkt. 213) and to Dismiss the Superseding Indictment for Insufficiency (Dkt. 216) because there is no legal basis for either request.

**I.    Background**

On or about the evening of August 15, 2016, Van Mayes asked adults to gather some children from the Sherman Park neighborhood so that they could meet and plan a firebombing of an occupied Milwaukee Police Station and homes of white people in West Allis. Mayes' intention was to use the explosive devices to further ongoing large-scale rioting and civil disorders that were occurring in Milwaukee between August 13 – 15, 2016 (including arsons at retail businesses, the obstruction of roads, and the general interruption of commerce). In front of children (many to whom Mayes was a mentor) and adults, Mayes demonstrated the making Molotov cocktails by

pouring gasoline into glass bottles and placing fabric wicks into the tops. Mayes' plan was to have the children create a diversion by throwing rocks at police; then at the same time, adults would throw the Molotov cocktails at a Milwaukee Police Station and at residential homes in West Allis "where white people live." Several citizen witnesses have provided information regarding Mayes' criminal activities connected to this event. Evidence also shows that Mayes attempted to intimidate and interfere with witnesses against him. Through the pendency of this investigation and post-indictment, Mayes has made multiple attempts to intimidate and interfere with witnesses.

On October 8, 2019, the defendant was charged in a Superseding Indictment with seven counts: Count One—Conspiracy to Commit an Arson; Count Two—Rioting; Count Three—Using a Destructive Device during a Crime of Violence; Count Four—Civil Disorder; Count Five—Witness Intimidation; Count Six—Possessing a Firearm; and Count Seven—Making a Destructive Device. (Dkt. 62). It is clear in the Superseding Indictment and the discovery provided to the defendant that the dates, location, conduct, and evidence related to Counts One, Two, Three, Four, and Six in the Superseding Indictment stems from the same incident and conduct.

On January 5, 2024, to narrow the criminal charges and the issues for trial, the United States moved to dismiss Counts One, Two, and Three of the Superseding Indictment. (Dkt. 207). This court granted that motion to dismiss on January 7, 2024. (Dkt. 210). The dismissal of Counts One, Two, and Three necessitates the deletion of a reference in Count Five's language, which referred to Counts One and Two. Specifically, Count Five states, "… and others known and unknown to the grand jury knowingly and intentionally combined and conspired to intimidate, threaten, and corruptly persuade witnesses to the activities described in Counts One, Two, and Four of this Superseding Indictment…." (Dkt. 62).

2

The defendant filed two motions connected to the court's order to dismiss Counts One, Two, and Three of the Superseding Indictment. In both motions, the defendant suggests that there is a constructive amendment to the entire Superseding Indictment because of the deletion of the references to Counts One and Two in Count Five. The defendant argues that the remedy to this constructive amendment is to dismiss the entire Superseding Indictment (Dkt. 216) or to unseal Grand Jury materials for inspection (Dkt. 213). In support of this argument, the defendant mainly relies on *United States v. Fassnacht*, 332 F.3d 440 (7th Cir. 2003) (describing the standard for the sufficiency of an indictment); and *United States v. Mankarious*, 151 F.3d 694 (7th Cir. 1998) (narrowing of an indictment not found to be a constructive amendment).

As the caselaw in our circuit shows, the deletion of the reference to Counts One and Two does not constructively amend Count Five in the Superseding Indictment (or the entire Superseding Indictment) because the reference to the counts is superfluous, the essential elements in Count Five remain the same, there is no new evidence, and the defendant is not prejudiced. Because there is no constructive amendment, the defendant's motions to dismiss the Superseding Indictment and to unseal Grand Jury materials should be denied.

**II.   Constructive Amendment of an Indictment**

A change in the indictment is an improper constructive amendment when there is a material change to an essential element or it broadens possible convictions than those presented to the grand jury, which prejudice the defendant. *United States v. Quintanilla*, 2 F.3d 1469, 1475 (7th Cir. 1993); and *United States v. Rogers*, 44 F.4th 728, 735 (7th Cir. 2022). As the Court of Appeals explained, "A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented

3

by the grand jury." *Rogers* at 735 (quoting *United States v. Cusimano*, 148 F.3d 824, 829 (7th Cir. 1998)). An indictment that is constructively amended violates the Constitution because the Fifth Amendment requires an indictment of a grand jury to guarantee that the allegations in the indictment and the proof at trial "match in order to insure that the defendant is not subject to a second prosecution, and to give the defendant reasonable notice so that he may prepare a defense." *Id.* Thus, the indictment may not be broadened to present the trial jury with more or different offenses than what the grand jury charged. *Id.* Narrowing the scope of the indictment is not normally considered a constructive amendment. *Id.*

Narrowing an indictment by dropping allegations unnecessary to an offense "clearly contained" within the indictment does not amount to unconstitutional amendment and, indeed, is a common, desirable practice which avoids potential jury confusion. *United States v. Perez*, 673 F.3d 667, 669-670 (7th Cir. 2012) (citing *United States v. Miller*, 471 U.S. 130, 144, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985)). It is quite clear that there is not, as the defendant suggests, a broad rule that any change to the indictment constitutes a constructive amendment. The Court explained:

> …. in *United States v. Miller,* the Supreme Court expressly held that dropping allegations from an indictment that are unnecessary to an offense clearly contained within it does not unconstitutionally amend the indictment. 471 U.S. 130, 144, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). *See also United States v. Lorefice,* 192 F.3d 647, 653 (7th Cir.1999) ("An indictment may be altered without resubmission to the grand jury as long as the alteration makes no material change and there is no prejudice to the defendant."); *United States v. Soskin,* 100 F.3d 1377, 1380 (7th Cir. 1996) ("Narrowing the indictment so that the trial jury deliberates on fewer offenses than the grand jury charged does not constitute amendment.").

*Id.* The Supreme Court in *Miller* explained there is no constructive amendment to an indictment when deleted language does not broaden the offense and does not change the essential elements of the offense. *Id.* at 1820. Additionally, the Supreme Court has held that independent and

4

unnecessary allegations in an indictment may be ignored and do not constitute an amendment rendering the indictment void. *United States v. Miller,* 471 U.S. 130, 144 (1985).

Similar to the case before this court, in *Quintanilla*, the defendant claimed that there was an improper amendment to an indictment when interstate transportation of stolen property (ITSP) counts referenced a mail fraud count that received a judgement of acquittal. *Quintanilla* at 1474. After judgment of acquittal was granted as to the mail fraud count, the ITSP counts were amended to remove any reference to that count or the scheme to defraud charged in that count. *Id.* With the deletion, the defendant argued the amended ITSP counts were ambiguous as to the intent charged in each of those counts. *Id.*

The Court explained that, "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime…A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as a 'useless averment' that 'may be ignored.'" *Id.* at 1475 (quoting *United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985)). The Court also stated that "Allegations in an indictment that are not necessary to establish a violation of the statute in issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime." *Id.* (quoting *United States v. Mastrandrea*, 942 F.2d 1291 (8th Cir. 1991)). The Court found that the reference in the ITSP counts to the scheme to defraud was mere surplusage meant only to elaborate the nature of defendant's fraudulent activity.

Also similar to the case before this court is the *Mankarious* case, in which the defendant argued there was a constructive amendment to the indictment due to partial deletions of a wire fraud charge. The defendant argued the deletions broadened the wire fraud portion of the

5

indictment without the support of evidence introduced before the grand jury and thus deprived the defendants of their Sixth Amendment right to an indictment. *Id.* at 700. The court found that the deletions of superfluous language did not change the specifics of any charges, nor did it prejudice the defendant. *Id.* The Court noted that the government relied on essentially the same evidence and provided the defendant with notice of the changes to the indictment. *Id.*

For an indictment to be legally sufficient, it must accomplish three functions: it must state each of the elements of the crime charged; it must provide adequate notice of the nature of the charges so that the accused may prepare a defense; and it must allow the defendant to raise the judgment as a bar to future prosecutions for the same offense. *United States v. Fassnacht,* 332 F.3d 440, 444-445 (7th Cir. 2003). The Court cautioned that the sufficiency of an indictment is to be reviewed practically, with a view to the indictment in its entirety, rather than in any "hypertechnical manner." *Id.* at 445.

### III. Analysis

The United States dismissed Count One, Two, and Three of the Superseding Indictment, which significantly narrowed the scope of criminal activity for which the defendant is required to prepare. Removing the references to Counts One and Two in Count Five narrowed the charge but Count Five still lists every essential ingredient of the offense that was charged. Count Five sufficiently apprises the defendant of the nature of the charges against him, and the minor deletions to the Superseding Indictment was approved by the court far ahead of any trial that is to occur.

Furthermore, the removing the references to Counts One and Two in Count Five does not broaden or create a difference offense than what the Grand Jury charged. Count Five referenced Counts One, Two, *and* Four. Count Four remains part of the Superseding Indictment. Importantly, Counts One, Two, and Four all relate to the exact same date, location, evidence, and criminal

6

conduct, which was evaluated by the Grand Jury. There is no new evidence or material change that would require resubmission to the Grand Jury. Lastly, the references to Counts One, Two, and Four in Count Five are superfluous—removing those references does not change the essential elements of the crime charged in Count Five. The allegations that reference Counts One and Two are unnecessary to the offense clearly contained in Count Five. Lastly, the defendant also has access to the full discovery, which he has had in his possession for six years, and the defendant has been given notice of the changes to the Superseding Indictment far in advance of trial. There is no prejudice to the defendant.

Similar to the reasoning in *Quintanilla* and *Mankarious*, the removal of Counts One and Two does not constructively amend Count Five or the entire Superseding Indictment simply because the references are removed—their removal does not change the essential elements of the charge and does not create any new evidence that was not presented to the Grand Jury.

Lastly, using the *Fassnacht* guidance for indictment sufficiency, it is clear that the Superseding Indictment states each of the elements of the crime charged; provides adequate notice of the nature of the charges so that the accused may prepare a defense; and it allows the defendant to raise the judgment as a bar to future prosecutions for the same offense.

### IV. Conclusion

There is no constructive amendment and there is no prejudice to the defendant because the United States has provided all discovery and significant pretrial notice regarding the narrowing of the Superseding Indictment. Because there is no constructive amendment to the Superseding Indictment, the defendant's motions for Unsealing of the Grand Jury Materials and Dismissal of the Superseding Indictment for Insufficiency should be denied.

Dated at Milwaukee, Wisconsin this 29th day of March, 2024.

>GREGORY J. HAANSTAD
>United States Attorney
>
>*/s/ Christopher Ladwig*
>CHRISTOPHER LADWIG
>BENJAMIN TAIBLESON
>Assistant United States Attorneys
>United States Attorney's Office
>Eastern District of Wisconsin
>517 East Wisconsin Avenue, Room 530