UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: October 16, 2024
JUDGE: Pamela Pepper
CASE NO: 2018-cr-154
CASE NAME: United States of America v. Van L. Mayes
NATURE OF HEARING: Change of plea
APPEARANCES: Christopher Ladwig – Attorney for the government
Benjamin Taibleson - Attorney for the government
Robert LeBell – Attorney for the defendant
Van L. Mayes – Defendant
Daniel Dragolovich - US Probation
COURTROOM DEPUTY: Kristine Wrobel
TIME: 10:12 a.m. – 11:09 a.m.
HEARING: Sentencing set for January 22, 2025 at 1:30 p.m.

**AUDIO OF THIS HEARING AT DKT. NO. 250**

The court had scheduled this hearing for an arraignment and plea. The court advised the defendant of his rights, and counsel for the government advised the defendant of the charges against him and the maximum possible penalties. The defendant and counsel for the defendant executed in open court the waiver of indictment; the court signed the waiver.

The court noted that the parties had filed the plea agreement on October 10, 2024. The plea agreement called for the defendant to plead guilty to one count of using facilities of interstate commerce, that is a cellphone, and during the course of such use, performed an overt act with the intent and purpose of carrying on a riot; namely, the defendant used a cellphone with the intent to encourage others to participate in a riot.

The court placed the defendant under oath, reviewed the plea agreement with him, and questioned the defendant. The court recounted that the charge involved a maximum prison term of five years and a maximum fine of $250,000. The charge also carried a special assessment of $100 and a maximum of three years of supervised release. After the defendant had answered all of the court's questions, the court found that the defendant understood his trial rights, the penalties associated with the charge, the possible civil ramifications of a conviction, and the uncertainty of his ultimate sentence. The court also found that the defendant entered the plea knowingly and voluntarily, without threats or promises. The court accepted the defendant's plea of guilty and found the defendant guilty of the offense charged in the information.

Because the parties had waived the Rule 32 deadlines in the plea agreement, the court scheduled a sentencing date of January 22, 2025, at 1:30

P.M. in Room 222. The probation office will disclose the PSR by January 6, 2025, with objections due by January 10, 2025. Parties must file any sentencing memoranda, letters, medical evaluations, certificates of completion and any other documents they wish the court to consider at sentencing ***no later than seven (7) days—one week—before the sentencing hearing***. (This does not include objections to the presentence investigation report; objections to the presentence report must be filed within fourteen days of the disclosure of the presentence report.) If a party is unable to file such documents seven days prior to the sentencing hearing, that party must file a motion seeking the court's leave to file the document(s) less than seven days before the hearing and stating good cause for why the court should grant the motion. Failure to file such documents at least seven days before sentencing (or to move for leave to file the documents less than seven days before the hearing) may result in the court *sua sponte* adjourning the hearing to a date selected by the court, based on its calendar.

      The government did not oppose allowing the defendant to remain on bond until sentencing. The court explained to the defendant that he now had been convicted of federal offenses, which meant that the court would have less flexibility in dealing with violations of bond between now and the sentencing date.